## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

CONSUMER FINANCIAL
PROTECTION BUREAU
1700 G Street NW
Washington, D.C. 20552

                  Petitioner,

      v.

KEVIN H. STRICKLIN
1205 Bancroft Court
Bel Air, MD 21014
Harford County

           Respondent.

Case No. _____

## MEMORANDUM IN SUPPORT
## OF PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND

The Consumer Financial Protection Bureau (Bureau) petitions this Court for an order

requiring Respondent Kevin H. Stricklin to comply with the civil investigative demand (CID) issued

to him on February 18, 2014. CIDs are a type of investigative administrative subpoena.[1]

Proceedings to enforce CIDs are therefore initiated by a petition and an order to show cause (rather

than by complaint and summons) and are summary in nature.[2]

---

[1] *See, e.g.*, *FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1087-89 (D.C. Cir. 1992); *In re Oral Test. of a Witness Subpoenaed Pursuant to Civil Inv. Demand No. 98-19*, 182 F.R.D. 196, 201 (E.D. Va. 1998).
[2] *See, e.g.*, *FTC v. Carter*, 636 F.2d 781, 789 (D.C. Cir. 1980); *FTC v. MacArthur*, 532 F.2d 1135, 1141-42 (7th Cir. 1976); *Genuine Parts Co. v. FTC*, 445 F.2d 1382, 1388 (5th Cir. 1971).

The CID was issued during a nonpublic investigation concerning possible violations of section 1036 of the Consumer Financial Protection Act of 2010 (CFPA) and the Real Estate Settlement Procedures Act (RESPA). The CID required Stricklin to produce materials and to appear and give oral testimony at an investigational hearing on February 26, 2014. Stricklin failed to comply with the CID; he did not appear for his hearing. The Bureau therefore moves to enforce the CID under its powers of compulsory administrative process.

As explained below, the Bureau has authority under the CFPA to issue a CID to Stricklin and this Court has authority to enforce that CID. Accordingly, the Bureau respectfully requests that this Court (1) direct Stricklin to show cause as to why he cannot fully comply with the CID, and (2) thereafter enter an order enforcing the CID.

## JURISDICTION AND VENUE

The Bureau has authority under section 1052 of the CFPA to issue CIDs and enforce them in district court.[3] When a person fails to comply with a CID, section 1052 and its enabling regulations authorize the Bureau to petition the district court "in any judicial district in which [that] person resides, is found, or transacts business" for an order to enforce the CID.[4] Because Stricklin resides and transacts business in Maryland, venue is proper in this district.

---

[3] 12 U.S.C. § 5562(c)(1).
[4] 12 C.F.R. § 1080.10(b)(1); 12 U.S.C. § 5562(e)(1).

## STATEMENT OF FACTS

The Bureau is empowered under the CFPA to enforce "Federal consumer financial laws,"[5] including RESPA. The Bureau is authorized by sections 1031 and 1036 of the CFPA to take action to prevent "unfair, deceptive, or abusive act[s] or practice[s] . . . in connection with any transaction with a consumer for a consumer financial product or service."[6] The CID issued to Stricklin relates to a Bureau investigation to determine whether a title company or other persons violated these laws.

On February 5, 2014, as part of its investigation, the Bureau issued a CID to Stricklin requiring him to produce materials and to appear and testify at the Bureau's headquarters in Washington, D.C. on February 18, 2014. The CID contained a "Notification of Purpose" advising Stricklin of the focus of the Bureau's investigation.[7] On February 14, 2014, Stricklin called Bureau counsel and stated in a voicemail that he would not appear for his hearing. That same day, Bureau counsel returned Stricklin's call, and Stricklin reiterated that he would not appear to testify on February 18. Stricklin also stated that he did not want to drive to Washington, D.C. to testify.[8]

On February 18, 2014, the Bureau withdrew the CID issued on February 5, 2014, and issued a new one requiring Stricklin to produce materials and appear and provide oral testimony on February 26, 2014 at the U.S. Attorney's Office in Greenbelt, Maryland.[9] (In substance, this CID was identical to the one issued on February 5; only the place and date of the hearing were changed.)

---

[5] 12 U.S.C. § 5481(14).).

[6] 12 U.S.C. §§ 5531(a), 5536(a)(1)(B).

[7] Decl. of Genessa Stout in Support of Petition to Enforce Civil Investigative Demand ("Stout Decl.") at ¶ 4.

[8] *Id.* at ¶ 5.

[9] *See* Exhibit A to Stout Decl. at 1.

In a cover letter to that CID, the Bureau explained that the location of the hearing had been moved so that it would be more convenient for Stricklin and in the hope that he would comply with his obligation to appear, testify, and produce materials. The Bureau also informed Stricklin that if he did not comply with the CID, the Bureau would seek a court order enforcing the CID.[10]

On February 24, 2014, Stricklin called Bureau counsel and confirmed receipt of the CID issued on February 18, 2014. He stated further that he did not have transportation enabling him to appear on February 26. Bureau counsel offered to reschedule the hearing, but Stricklin stated that even if he had transportation, he would not appear. Bureau counsel informed Stricklin that if he did not appear and did not produce materials, the Bureau would seek an order enforcing the CID.[11]

On February 26, 2014, Stricklin failed to comply with the requirements of the CID. He did not appear and testify and he did not produce materials.[12]

## ARGUMENT

The standards for judicial enforcement of federal agency investigative process, such as the instant CID, are well settled. "Recognizing that Congress delegated enforcement mechanisms to agency discretion, the [Fourth Circuit] has emphasized that the district court's role in a proceeding to enforce an administrative subpoena is 'sharply limited.'"[13] To enforce an administrative subpoena, the district court must only determine that (1) the agency is authorized to make such an

---

[10] *Id.*
[11] Stout Decl. at ¶ 8.
[12] *Id.* at ¶ 9.
[13] *Solis v. Food Emp'rs Labor Relations Ass'n,* 644 F.3d 221, 226 (4th Cir. 2011) (citing *EEOC v. City of Norfolk Police Dep't,* 45 F.3d 80, 82 (4th Cir. 1995)).

4

investigation; (2) the agency has complied with statutory requirements of due process; and (3) the materials requested are relevant.[14] If the government can show that these criteria are satisfied, the court should enforce the subpoena unless the recipient of the subpoena demonstrates that it is unduly burdensome.[15] The circumstances here warrant enforcement of the CID.

First, the CID squarely falls within the Bureau's authority. The CFPA broadly authorizes the Bureau to issue a CID to "any person" whom the Bureau "has reason to believe . . . may be in possession, custody, or control of . . . any information, relevant to a violation."[16] The Bureau issued the CID to Stricklin based on its reasonable belief that, in his capacity as a loan officer, Stricklin gained information relevant to the Bureau's investigation.

Second, the Bureau has complied with the statutory requirements of due process. The CFPA simply requires that a CID "state the nature of the conduct constituting the alleged violation which is under investigation and the provision of law applicable to such violation."[17] The CID issued to Stricklin contained a Notification of Purpose apprising Stricklin that the CID related to the Bureau's investigation of a title company and other persons for violations of RESPA, the CFPA, and other consumer-financial laws; thus, the Bureau satisfied this requirement.

---

[14] *Id.* (citing *United States v. Am. Target Adver., Inc.,* 257 F.3d 348, 351 (4th Cir. 2001)); *see also Okla. Press Publ'g Co. v. Walling*, 327 U.S. 186, 209 (1946) (holding that an administrative subpoena is valid if "the investigation is authorized by Congress, is for a purpose Congress can order, and the documents sought are relevant to the inquiry"); *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943) (upholding administrative subpoena where "[t]he evidence sought . . . was not plainly incompetent or irrelevant to any lawful purpose of the Secretary in the discharge of her duties").
[15] *Id.* (citing *EEOC v. Maryland Cup Corp.*, 785 F.2d 471, 475 (4th Cir. 1986)).
[16] 12 U.S.C. § 5562(c).
[17] 12 U.S.C. § 5562(c)(2); *accord* 12 C.F.R. § 1080.5.

Third, the CID seeks relevant information. An agency request is relevant so long as it is "not plainly incompetent or irrelevant to any lawful purpose" of the agency.[18] Moreover, courts defer to an agency's own appraisal of relevancy so long as it is not "obviously wrong."[19] Here, the CID meets this standard. Stricklin is a loan officer and the Bureau has reason to believe that in that capacity he gained information relevant to the Bureau's investigation.

Finally, the CID is not overly broad or unduly burdensome. Under the CFPA, a CID must describe responsive information "with such definiteness and certainty" as to allow the recipient to identify the desired materials.[20] The CID issued to Stricklin clearly identified the desired materials and provided a Notification of Purpose apprising Stricklin of the intent of the Bureau's investigation. Moreover, in an effort to reduce any burden to Stricklin, the Bureau issued a new CID and changed the place of the hearing to a location more convenient for Stricklin. Indeed, Stricklin has never complained that the CID was overly burdensome; he simply told Bureau investigators that he would not appear. Because the CID required Stricklin to testify in the jurisdiction where he resides and clearly describes the materials he must produce, Stricklin is unable to bear his burden of proving overbreadth or undue burden.

## CONCLUSION

For the foregoing reasons, this Court should grant the Bureau's petition and order Stricklin to show cause as to why he cannot comply with the CID. After giving Stricklin an opportunity to be

---

[18] *Endicott Johnson Corp.*, 317 U.S. at 509.

[19] *EEOC v. Randstad*, 685 F.3d 433, 439 (4th Cir. 2012) (citing *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 113 (4th Cir. 1997)); *see also FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1089-90 (D.C. Cir. 1992).

[20] *See* 12 U.S.C. § 5562(c)(3).

heard, because the Bureau has the authority to issue the CID, because the CID was properly issued, because the CID seeks information that is relevant to a Bureau investigation, and because the CID is not overly broad or unduly burdensome, the Court should order Stricklin to comply with the CID within 10 days of the Court's order, or at such later date as may be established by the Bureau.

Dated:  February 27, 2014                    Respectfully submitted,

                                             ANTHONY ALEXIS
                                             Acting Enforcement Director

                                             JEFFREY PAUL EHRLICH
                                             Deputy Enforcement Director

                                             JOHN WELLS
                                             Assistant Litigation Deputy

                                             _____
                                             GENESSA STOUT
                                             LAWRENCE BROWN
                                             Enforcement Attorneys
                                             Consumer Financial Protection Bureau
                                             1700 G Street NW
                                             Washington, D.C. 20552
                                             Phone: 202-435-7920
                                             Fax: 202 435-7722
                                             Email: Genessa.Stout@cfpb.gov
                                                       Lawrence.Brown@cfpb.gov

                                             Attorneys for Petitioner
                                             Consumer Financial Protection Bureau